UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROSE DENLEY, by and through its Personal Representative, WILLIAM DENLEY; WILLIAM DENLEY, individually,<br><br>     Plaintiffs,<br><br> v.<br><br>COUNTY OF VENTURA, WELLPATH, LLC, CALIFORNIA FORENSIC MEDICAL GROUP, INC., DEPUTY VIVIAN LEVINE, DEPUTY JASON FULLER, DEPUTY BRIAN HACKWORTH, JONATHAN DE FELIPE, DOROTHY ARELLANO, JOE NINOMIYA, and DOES 3-6, 9-10, inclusive,<br><br>     Defendants. | CASE NO. 2:23-cv-04865-JWH-JC<br><br>**CONSENT JUDGMENT BETWEEN PLAINTIFFS AND DEFENDANTS WELLPATH, LLC AND CALIFORNIA FORENSIC MEDICAL GROUP, INC.** |

This matter has come before this Court for consideration upon the Complaint of the Plaintiffs, Estate of Rose Denley and William Denley ("Plaintiffs"), for municipal liability, negligent supervision, training, hiring and retention, wrongful death, and negligence.  Plaintiffs have agreed that Defendants Wellpath, LLC and California Forensic Medical Group, Inc. ("Defendants") will pay $2,750,000 in installments.  The parties have agreed to the entry of this Consent Judgment against Defendants Wellpath, LLC and California Forensic Medical Group, Inc. ("Defendants") under the terms provided herein:

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      Plaintiffs' Decedent is Rose Denley, who, at the time of her death, was a 50-year old citizen of the United States.  She was a resident of the County of Ventura in the State of California.

2.      Plaintiff William Denley, at all times mentioned herein, was an individual residing in the County of Ventura, State of California.  William Denley is the father of the Decedent, Rose Denley.  William Denley sues as an individual in his own right, and as the Personal Representative of the Estate of Rose Denley, as defined by Section 377.60 of the California Code of Civil Procedure, as a successor in interest, heir, and personal legal representative of the Decedent to seek redress for the deprivation of the decedent's rights and for those damages that the decedent sustained and incurred before death, and the decedent would have been entitled to recover, had she lived as defined by Section 377.34 of the California Code of Civil Procedure.

3.      Defendant Wellpath, LLC is a corporation organized under the laws of the State of Delaware and has its principal place of business in Nashville, Tennessee.

4.      Defendant California Forensic Medical Group, Inc. is a California corporation that contracts with the County of Ventura to provide medical and mental health services to patients incarcerated at the Ventura County Jails.

5.     Wellpath, LLC is a managed services organization that partners with California Forensic Medical Group, Inc.

6.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district.

7.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because the claims form part of the same case or controversy arising under the United States Constitution and federal law.

8.     The parties consent that this Court enter and approve this Consent Judgment whereby:

    a.     Defendants agree to deliver payment in the amount of $2,750,000 to Plaintiffs' counsel, Brad Gage Law, APC, 23002 Victory Boulevard, Woodland Hills, CA 91367 ("the Payment").

    b.     The amount of the Payment outlined above shall be offset by any amounts previously paid by Defendants to Plaintiffs pursuant to the parties' settlement in this case.

9.     The parties agree to waive all right to appeal from this judgment and that each party shall bear its own costs and fees.

10.     Notwithstanding the above waiver of right to appeal, and other than as set forth in this Consent Judgment, Defendants make no admission hereby as to any individual allegation in the First Amended Complaint or to liability based thereon.

11.     This Court shall retain jurisdiction over this action following its dismissal to implement or enforce the terms of this Consent Judgment.

12.    Defendants also agree to pay Plaintiffs' reasonable attorneys' fees associated with the enforcement of this Consent Judgment.

13.    The validity, construction, and performance of this Consent Judgment shall be governed by the laws of the United States of America or the State of California, as applicable.

**IT IS SO ORDERED.**

DATED:    December 9, 2024

HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT
JUDGE

-4-